JOHN WALKER *v.* WILLIAM HENRY.

[Abstract Kentucky Law Reporter, Vol. 1—63.]

**Evidence of Value of Money.**
    When the issue was the value of confederate money at the time and place when a loan was made evidence is incompetent seeking to prove such value at other times or places.

**Costs.**

> Where, in an action a notice of willingness to allow judgment conforms to the statute, such a defendant is entitled to a judgment for his costs thereafter expended.

APPEAL FROM WOODFORD COURT OF COMMON PLEAS.

June 1, 1880.

OPINION BY JUDGE COFER:

The rejected evidence was clearly incompetent. The question at issue was the value of Confederate money at the time and place when and where the loan was made, and the value of such currency at other times or places did not tend to elucidate that issue.

Parol evidence that the appellee promised to pay the money in Kentucky was not competent, and consequently the instruction to the effect that an agreement to pay in United States currency was usurious was not prejudicial to the appellant. The instruction to find for the plaintiff the value of the money loaned in the United States treasury notes was correct.

In *Rivers v. Moss*, 6 Bush 600, this court held that the value in gold was the criterion, but since that time the Supreme Court has held greenbacks to be a legal tender, and as that constitutes the principal currency, and at the time of the contract was made was the only currency in circulation here, it is now proper to adopt that basis.

The evidence as to the value of Confederate money was conflicting, and as there was some evidence to support the finding of the jury this court cannot interfere to grant a new trial on that ground, although the verdict seems to be against the weight of the evidence.

Of course, if, as we have already intimated, the appellant was only entitled to recover the value of the Confederate notes loaned, the answer setting up the fact that such notes were the only consideration for the note sued on was good, and the motion for judgment non obstante veredicto was properly overruled.

The notice of a willingness to allow judgment to go was in conformity to the statute, and the judgment in favor of the defendant for his costs thereafter expended was proper.

Perceiving no error in the judgment the same is *affirmed*.

*Porter & Wallace, J. W. Lewis, for appellant.*

*D. L. Thornton, for appellee.*